## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SANTIAGO ROMERO AND
JORGE L. HERNANDEZ,**

     **Plaintiffs,**

**v.**                                     **CASE NO.:**

**UNIQUE FREIGHT LINES, INC.,
ROADTEX TRANSPORTATION
CORP, DAVID PADRON, an
individual, and CARRIER
COMPLIANCE SERVICES  CORP,**

     **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Santiago Romero and Jorge Hernandez, (collectively as "Plaintiffs"), by and through undersigned counsel, bring this action against Defendants, UNIQUE FREIGHT LINES, INC. ("UFL"), ROADTEX TRANSPORTATION CORP ("RTC"), DAVID PADRON ("David Padron"), in his individual capacity, and CARRIER COMPLIANCE SERVICES CORP ("CCS"), (collectively as "Defendants"), and in support of their claims state as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4.      Plaintiff Santiago Romero is a resident of Hillsborough County, Florida.

5.      Plaintiff Jorge J. Hernandez is a resident of Hillsborough County, Florida.

6.      Defendants are registered Florida companies and a Florida Resident, respectively, doing business in Hillsborough County, where Plaintiffs worked for Defendants.

7.      UFL and RTC are entities engaged in related activities, which perform through a unified operation, with a common ownership under the control of David Padron.

8.      David Padron is an individual owner of UFL and RTC and exercises significant day-to-day control over each Defendant, respectively, including with respect to personnel decisions, management of employee compensation, and daily business operations.

9.      Defendants share common offices, registered agents, employees, and business deals.

10.     CCS is a company that provides trucking compliance services to other trucking businesses across the nation, including in Hillsborough County, Florida. CCS specializes in helping trucking startups. CCS regularly does business for UFL and RTC in providing compliance needs and trainings for drivers.[1]

---

[1] http://carriercompliance.net/

11.     Defendants are "joint-employers" under the FLSA by virtue of their rigorous control and unified operations. Defendants share employees or interchange employees and work in the direct interest of one another. Further, work performed by Plaintiffs benefit each Defendant.

## **GENERAL ALLEGATIONS**

12.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

13.     Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

14.     Plaintiffs request a jury trial for all issues so triable.

15.     At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

16.     At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17.     Defendants continue to be an "employer" within the meaning of the FLSA.

18.     At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

19.     At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

20.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

21.     Plaintiff Santiago Romero began working for Defendants as a truck driver in 2013 and he continues to work in this capacity.

22.     Plaintiff Jorge L. Hernandez began working for Defendants as a truck driver in October 2018 and he continued to work in this capacity until June 2019.

23.     At various times material hereto, Plaintiffs worked hours in excess of forty (40) hours within a work week for Defendants, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their regular hourly rate.

24.     Defendants failed to pay Plaintiffs an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

25.     Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

26.     Plaintiffs reallege and readopt the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27.     During the statutory period, Plaintiffs worked overtime hours while employed by Defendants, and they were not compensated for all of these hours in accordance with the FLSA.

4

28.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29.   As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiff demands:

a)   Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

b)   Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c)   An equal amount to Plaintiffs' overtime damages as liquidated damages;

d)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)   A declaratory judgment that Defendants' practices as to Plaintiffs were unlawful, and grant Plaintiffs equitable relief;

f)   All costs and attorney's fees incurred in prosecuting these claims; and

g)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 24th day of October, 2019.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: gnichols@wfclaw.com
**Attorneys for Plaintiff**