UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANTIAGO ROMERO and JORGE L.
HERNANDEZ,

    Plaintiffs,

v.                                      Case No. 8:19-cv-2652-T-60AAS

UNIQUE FREIGHT LINES, INC.,
ROADTEX TRANSPORTATION, CORP.,
DAVID PATRON, individually, and
CARRIER COMPLIANCE SERVICES,
CORP.,

    Defendants.
_____/

## ORDER

Roadtex Transportation, Corporation (Roadtex) asks the court to set aside the clerk's entry of default against them. (Doc. 20). The plaintiffs, Santiago Romero and Jorge Hernandez, do not oppose Roadtex's request. (*Id.* at ¶ 10).

On October 24, 2019, the plaintiffs sued Unique Freight Lines, Inc., Roadtex, David Padron, and Carrier Compliance Services, Corporation (Carrier), and the clerk issued summonses the next day. (Docs. 1, 3). On November 7, 2019, a process server served Roadtex with the complaint and summons. (Doc. 6). Because the Roadtex failed to plead or otherwise defend this action, the clerk entered default under Federal Rule of Civil Procedure 55(a). (Docs. 8, 9).

On December 5, 2019, the plaintiffs moved for entry of default judgment under Rule 54(b). (Doc. 15). The court entered an order directing the clerk to mail the entry

1

of clerk's default and the motion for entry of default judgment to Roadtex and provided Roadtex with a date to respond to the plaintiff's motion for default judgment. (Doc. 16). The same day, Toddy Shulby filed a notice of appearance on behalf of Roadtex. (Doc. 17).

According to the Roadtex's motion, Roadtex retained counsel on December 7, 2019. (Doc. 20, ¶ 4). However, there was confusion among the defendants about which defendant was served and not served and when service occurred if a defendant had been served. (*Id.* at ¶ 6). Carrier was under the mistaken impression it was served on November 7 and not Roadtex. (*Id.*).

A court may set aside entry of a clerk's default for good cause. Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a liberal standard. *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v. Harell*, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)). If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, a court may decline to set aside a clerk's default. *Burgos v. Valleycrest Golf Course Maintenance*, Case No. 2:10-cv-194-FtM-29SPC, 2010 WL 2243805, (M.D. Fla. June 4, 2010).

Roadtex's failure to timely respond to the complaint is neither willful nor constitutes a reckless disregard for the judicial process. Setting aside the default would not prejudice the plaintiffs as there has been little progress on the case. Good cause exists to set aside the clerk's default against Roadtex.

It is **ORDERED**:

(1) The Motion to Set Aside Clerk's Default (Doc. 20) is **GRANTED**;

(2) The Motion for Default Judgment (Doc. 15) is **DENIED AS MOOT**; and

(3) Roadtex's response to the complaint is due by **January 10, 2020.**

**ENTERED** in Tampa, Florida on December 16, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge